UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at London)

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | Criminal Action No. 6:24-CR-00015-CHB-HAI-1 |
| Plaintiff, ) | |
| ) | Civil Action No. 6:25-CV-00045-CHB-HAI |
| v. ) | |
| ) | |
| WILLIAM TREVOR GOODSON, ) | **ORDER ADOPTING MAGISTRATE JUDGE'S RECOMMENDED DISPOSITION** |
| ) | |
| Defendant. ) | |

*** *** *** ***

This matter is before the Court on the Recommended Disposition filed by United States Magistrate Judge Hanly A. Ingram. [R. 68]. The Recommended Disposition addresses Defendant William Trevor Goodson's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence. [R. 45]. The United States responded in opposition, [R. 62], and Defendant replied, [R. 67]. The Magistrate Judge has now issued a Recommended Disposition, recommending that Defendant's motion be denied. For the reasons set forth below, the Court will adopt the Magistrate Judge's Recommended Disposition and deny the motion.

In March 2024, a federal grand jury indicted Goodson on one count of online enticement of a minor to engage in a sex crime in violation of 18 U.S.C. § 2422(b). [R. 1]. Goodson's initial appearance was on April 12, 2024, during which the Court appointed George Scott Hayworth as his CJA counsel. [R. 8]. However, Mr. Hayworth was shortly replaced by retained attorneys William Butler Jr. and Kate Homan. [R. 11]; [R. 12]; [R. 13]; [R. 18].

On September 4, 2024, Goodson pleaded guilty to the one count of online enticement

of a minor that he was indicted on. [R. 31]. On January 20, 2025, Goodson was sentenced to 246 months imprisonment, followed by twenty years of supervised release. [R. 41]. Goodson did not appeal. [R. 68, p. 2].

Defendant filed a § 2255 motion on March 12, 2025. [R. 45]. In his motion, Goodson asserts four grounds for relief: (1) ineffective assistance of counsel ("IAC"), (2) error by the district court, (3) flawed investigation, and (4) aberrant behavior and mitigating circumstances not considered. *Id.* at 4–11. The Magistrate Judge reviewed the motion and first concluded that Defendant's claims that he was coerced by his counsel were not credible and contradict his own sworn testimony. [R. 68, pp. 5–7]. In support of this finding, the Magistrate Judge cited to multiple portions of Goodson's plea colloquy given during his rearraignment. *Id.* at 6–7. Upon concluding that there was no credible evidence of coercion, the Magistrate Judge found that Goodson had waived any non-IAC claims through the waiver provision in his plea agreement. *Id.* at 7–9.

Turning to the IAC claims, the Magistrate Judge found that there was insufficient factual or legal support for each basis of IAC that Goodson argues in his motion. *Id.* at 9–19. Specifically, the Magistrate Judge found that Goodson's retained counsel was not ineffective as it pertained to failing to challenge the allegedly insufficient evidence related to the enticement element of his charge, *id.* at 9–10, failing to properly make objections, *id.* at 10, advising on Goodson's anticipated sentence, *id.* at 11–13, presenting mitigating factors, *id.* at 13, not seeking a psychosexual evaluation, *id.* at 14, not presenting Goodson's "side of the story," *id.* at 14, not challenging false allegations by victims made at sentencing, *id.* at 14–15, withholding discovery from Goodson, *id.* at 15–16, failing to challenge the validity of the search warrant executed to search Goodson's house, *id.* at 16, failing to challenge the conflict-of-interest issues on the part of the Commonwealth's Attorney, *id.* at 16, failing to challenge an alleged upward variance at

sentencing, *id.* at 18–19, and several other "undeveloped claims," *id.* at 17–18. The Magistrate Judge also rejected waived arguments that Goodson made for the first time in his reply brief. *Id.* at 19. Lastly, the Magistrate Judge denied Goodson's motion to appoint counsel finding that the relevant factors for appointing counsel in a § 2255 motion did not support granting this motion. *Id.* at 19–20. Accordingly, the Magistrate Judge recommended that Goodson's § 2255 motion, [R. 45], be denied on the merits. [R. 68, p. 21].

The Magistrate Judge's Recommended Disposition advised the parties that any objections must be filed within fourteen days. *Id.* at 21–22. The time to file objections has passed, and neither party has filed any objections to the Recommended Disposition nor sought an extension of time to do so.

Generally, this Court must make a de novo determination of those portions of the Recommended Disposition to which objections are made. 28 U.S.C. § 636(b)(1). When no objections are made, this Court is not required to "review . . . a magistrate's factual or legal conclusions, under a de novo or any other standard." *See Thomas v. Arn*, 474 U.S. 140, 151 (1985). Parties who fail to object to a Magistrate Judge's recommended disposition are also barred from appealing a district court's order adopting that recommended disposition. *United States v. White*, 874 F.3d 490, 495 (6th Cir. 2017); *United States v. Walters*, 638 F.2d 947, 949–50 (6th Cir. 1981). Nevertheless, this Court has examined the record and agrees with the Magistrate Judge's Recommended Disposition. Accordingly, the Court being otherwise sufficiently advised,

**IT IS HEREBY ORDERED** as follows:

1. The Magistrate Judge's Recommended Disposition, [**R. 68**], is **ADOPTED** as the opinion of this Court.

2. Defendant's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence, [**R. 45**], is **DENIED**.

This the 22nd day of December, 2025.

*Claria Horn Boom*
CLARIA HORN BOOM,
UNITED STATES DISTRICT COURT JUDGE
EASTERN AND WESTERN DISTRICTS OF KENTUCKY